UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CLAUDINE BROWNLEE,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**HOME DEPOT,** )<br>)<br>    **Defendant.** ) | <br><br><br><br>CAUSE NO.  1:05-CV-00080<br> |

## OPINION AND ORDER

Before the Court are two motions filed by Plaintiff Claudine Brownlee, each seeking to amend her original *pro se* complaint. (Docket # 24, 25.)  In her first motion, Brownlee sought to drop her claim of discrimination under the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 621 *et seq.*, believing it to be untimely filed with the Equal Employment Opportunity Commission (EEOC) (Docket # 24); in her second motion filed just five days later, Brownlee seeks to resurrect her ADEA claim, contending that she learned that her charge was indeed timely filed with the EEOC after all (Docket # 25).  Defendant Home Depot, however, believes Brownlee got it right the first time when she dropped the ADEA claim and therefore opposes her second motion, claiming it is futile. (Def.'s Br. in Opp'n to Pl.'s Second Mot. for Leave to Am. Compl. at 1.)  For the reasons provided herein, Brownlee's first motion to amend will be deemed withdrawn and her second motion to amend will be GRANTED.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

In April, 2004, approximately three months after her employment with Home Depot came to an abrupt end, Brownlee visited the Fort Wayne Metropolitan Human Relations

Commission (FWMHRC) and completed an intake form. (Aff. of Claudine Brownlee ¶ 2.) Brownlee then returned to FWMHRC on July 22, 2004, this time signing a Charge of Discrimination. (*Id*. ¶ 3.)  In her Charge, Brownlee alleges that Home Depot discriminated against her on the basis of her age in violation of the ADEA and race in violation of Title VII, eventually compelling her to resign in "January 2004" due to an "intensely hostile working environment." (*Id*. ¶¶ 3, 4; Proposed Second Am. Compl., Ex. A.)  FWMHRC then sent Brownlee's Charge on to the EEOC, where it was file-stamped as of August 2, 2004. (Pl.'s Reply to Def.'s Br. in Opp'n to Pl.'s Second Mot. for Leave to Am. Compl. at 1.)  The EEOC ultimately issued a Notice of Suit Rights letter to Brownlee on December 15, 2004. (Compl., Ex. A.)

Thereafter, on March 3, 2005, Brownlee filed a complaint *pro se* with this Court against Home Depot. (Docket # 1.)  In the complaint, Brownlee advanced age and racial discrimination claims, but nevertheless failed to attach her EEOC Charge of Discrimination and check the box for a Title VII claim. (*Id*.)  On June 16, 2005, the Court granted Brownlee's motion for appointment of counsel and appointed Christopher Myers on her behalf. (Docket # 18.)  The parties participated in a planning meeting on August 3, 2005, whereby a deadline of September 15, 2005, was set for any amendments to the pleadings by Brownlee. (Docket # 15, 21.)  On August 26, 2005, Brownlee filed her first motion to amend her complaint, seeking to include the EEOC Charge of Discrimination supporting her Title VII claim, assert a claim under 42 U.S.C. § 1981, and remove her ADEA claim. (Docket # 24.)  However, on August 31, 2005, Brownlee curiously filed a second motion to amend her complaint, seeking to revive her ADEA claim that she sought to abandon in her first motion just five days earlier. (Docket # 25.)  Brownlee

explains her ping-pong filings by stating that she first thought her ADEA claim was time-barred, but now believes it is not. (Pl.'s Second Mot. for Leave to Am. Compl. ¶¶ 3-5.)

Brownlee's confusion appears to center around her termination date, a date she represents to be in "January 2004" in her EEOC Charge. (Proposed Second Am. Compl., Ex. A.) As Brownlee sees it, if her termination date was in late January 2004 as she originally recalled, and her EEOC Charge is file-stamped August 2, 2004, her ADEA claim would be time-barred under the 180-day filing requirement with the EEOC. (Pl.'s Reply to Def.'s Br. in Opp'n to Pl.'s Second Mot. for Leave to Am. Compl. at 2.) However, through Home Depot's response to the EEOC, Brownlee learned that she actually telephoned Home Depot on February 3, 2004, to report that she would not be returning to work, and that Home Depot ultimately terminated her on February 5, 2004, for job abandonment. (*Id.*) She then deduced that perhaps her EEOC Charge was indeed timely filed after all, in light of the February 5 termination date in Home Depot's records. (Pl.'s Second Mot. for Leave to Am. Compl. ¶ 5.)

## II.  STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

## III.  DISCUSSION

After boiling down her first and second motion, Brownlee desires to amend her original *pro se* complaint to (1) include the EEOC Charge of Discrimination supporting her Title VII claim; and (2) and assert a claim under 42 U.S.C. § 1981. (Mot. for Leave to Am. Compl. ¶ 2.) Yet Home Depot heartily opposes Brownlee's second motion, contending that her "attempt to revive her age discrimination claim in a second proposed amendment is an exercise in futility. . . ." (Def.'s Br. in Opp'n to Pl.'s Second Mot. for Leave to Am. Compl. at 5.)  As Home Depot's argument goes, Brownlee's ADEA claim is futile because it was untimely filed with the EEOC and thus it would not survive a motion to dismiss. (*Id*.)  The problem, however, with Home Depot's argument right out of the gate is that Brownlee's ADEA claim in her original *pro se* complaint is still very much alive and well, as Brownlee has not yet been granted leave to amend her original complaint, and thus it is in no need of "revival."

In any event, upon examining Brownlee's second motion to amend, no reason exists to deny her request.  Brownlee sufficiently notified Home Depot in her original complaint that she was asserting claims of age and racial discrimination, thus Home Depot should not be surprised nor prejudiced by her requested amendments. *See Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 WL 135019, at *2 (N.D. Ind. May 7, 1991).  Furthermore, other factors point towards granting her motion: she did not unduly delay in seeking to amend her pleading, she filed her motion within the time frame allowed under the schedule, ample time is left in the discovery period, and no motion for summary judgment has yet been filed. *See id.*; *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995).  Moreover, no evidence of bad faith or improper motive on Brownlee's behalf is apparent in her request. *See Kopala*, 1991 WL 135019 at *2.  Simply, Brownlee filed her original complaint *pro se* and now, acting with the benefit of

4

counsel, wishes to include the basis for her Title VII claim and advance a Section 1981 claim. *See generally McPherson v. Bunch*, No. 03 C 1008, 2004 WL 1151566, at *4 (N.D. Ill. May 3, 2004) (appointing counsel on behalf of *pro se* plaintiff and stating that counsel will evaluate whether an amendment to plaintiff's complaint is warranted); *Kopala*, 1991 WL 135019, at *2 (granting plaintiff, who was originally *pro se*, leave to file amended complaint upon advice of appointed counsel); *Smith v. Giesen*, No. 88 C 20180, 1988 WL 143736, at *1 (N.D. Ill. Dec. 22, 1988) (appointing counsel to prepare an amended complaint for *pro se* plaintiff).

Furthermore, quite contrary to Home Depot's assertions, allowing Brownlee to file her second amended complaint is far from an "exercise in futility." An amendment is futile when it reasserts a claim previously determined, merely restates the facts from the original complaint using different language, fails to state a valid theory of liability, or could not withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Here, it is clear that Brownlee's ADEA claim would withstand a motion to dismiss that alleges it was untimely filed.

In order to be timely filed, an ADEA charge must be filed with the EEOC within 180 days of the alleged discrimination. *Stephens v. Boise Cascade Corp.*, No. S87-333, 1989 WL 125597, at *1 (N.D. Ind. Oct. 3, 1989). In *Stephens*, the *pro se* plaintiff filed an age discrimination charge with the LaPorte Human Rights Commission within 180 days of the alleged act, thinking that she had timely done what was necessary to preserve her charges. *Id.* at *2. However, upon securing counsel, she later filed her charge with the EEOC, where it was file-stamped 252 days after the alleged discrimination took place. *Id*. This Court stated:

> The Seventh Circuit has noted that the statutory schemes of the ADEA and Title VII are designed to allow laymen to initiate the process unassisted by lawyers. It is particularly inappropriate to undermine the effectiveness of these statutes by dismissing claims merely because the victim of the alleged discrimination failed

5

> to comply with the intricate technicalities of the statute. The prefiling requirements should not be construed in a hypertechnical manner and are subject to equitable tolling. Equitable tolling may be appropriate if . . . the plaintiff has timely asserted her rights in the wrong forum.

*Id*. at 2 (internal quotation marks and citations omitted); *see also Husch v. Szabo Food Serv. Co.*, 851 F.2d 999, 1102 (7th Cir. 1988); *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1112 (7th Cir. 1984). The Court then concluded that the *pro se* plaintiff's attempt to comply with the ADEA filing procedures served to equitably toll the prefiling requirement, commenting that "[t]o deprive [the *pro se* plaintiff] of her day in court on this filing technicality would thwart the ADEA's spirt and effect." *Stephens*, 1989 WL 125597, at *2.

The facts here are directly on point with *Stephens*, except that Brownlee missed the EEOC deadline, if indeed she missed it at all, by only a single day. Like the *pro se* plaintiff in *Stephens*, Brownlee timely filed her charge *pro se* with the FWMHRC, and had done "all that she reasonably thought was necessary." *Id*. Thus, this is exactly the type of situation in which to apply equitable tolling, so that Brownlee is not deprived of her day in court solely due to a filing technicality. *See Smith v. Gen. Scanning, Inc.*, 832 F.2d 96, 100 (7th Cir. 1987) ("It is the duty of a federal court to consider whether an equitable exception justifies ignoring the precondition."). As a result, granting Brownlee leave to file her second amended complaint is not the "exercise in futility" that Home Depot suggests.

In summary, because of the absence of any apparent or declared reason to deny her motion, the Court will grant Brownlee's second motion to amend, as leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Sanders*, 56 F.3d at 773; *Kopala*, 1991 WL 135019, at *2.

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff's first motion to amend her complaint (Docket # 24) is deemed WITHDRAWN, and Plaintiff's second motion to amend her complaint (Docket # 25) is hereby GRANTED.

Enter for the 7th day of October, 2005.

S/Roger B. Cosbey

_____
Roger B. Cosbey,
United States Magistrate Judge